LOTTINGER, Judge.
This is a suit on a promissory note executed under the Small Loan Act of the State of Louisiana. The Lower Court awarded judgment in favor of petitioner and the defendants have appealed.
The petitioner is a Louisiana corporation authorized to do business in accordance with the Small Loan Act of the State of Louisiana. Petitioner filed suit against the defendants seeking judgment as follows:
“ * * * in the just and full sum of $252.19, together with interest at 3j/á%. per month on $150.00 from November 29th, 1954 until paid, and interest at 2jdj% per month from November 29th, 1954 on $110.-31 to Jan. 5th, 1955, and interest at 2j/£%. per month on $102.19 from Jan. 5th, 1955 until paid in full, together with attorney’s fees in the amount of 20%. of principal and interest, and for all costs of this suit, all as more fully shown by the attached note, dated November 29th, 1954, made part hereof.”
As stated in the petition, the original note was made a part of the petition and is on file in the record.
The defendants first filed a general denial, and thereafter filed an exception of no right or cause of action alleging that because the petitioner has charged interest at a greater rate than provided in the Small Loan Act, the entire action is now void. The Lower Court dismissed the exception ánd gave judgment in favor of petitioner as follows:
“ * * * in the full and true sum of $252.19, together with interest at 31/2 per cent per month on $150.00 from November 29th, 1954 until Feb. 2nd, 1956, and interest at 21/2 per cent per month on $102.19 from Jan. 5th, 1955 until Feb. 2nd, 1956, and interest on $252.19 at 5%, from Feb. 2nd, 1956 until paid in full, together with attorney’s fees in the amount of 20%. of principal and interest and for all costs of these proceedings.”
Because of the particular wording of the petitioner’s petition, the defendants claim that the petitioner is attempting to charge an unlawful rate of interest. If the petition were standing alone, we feel that this contention might have some merit. However, the note was filed with the petition and is made part and parcel thereof. The note shows that the date of the loan was November 29, 1954, the amount of the loan was in the sum of $260.31. Said loan is payable in 20 monthly installments of $18 each, the first installment being due on December 30, 1954. According to the wording in the note the interest is at the rate of 3J4j%, per month on any part of the unpaid principal balance of the loan not exceeding $150, and 2i^'% per month on any remainder of the unpaid balance. The note contains a clause reading:
“If this note is not paid at maturity, •it shall bear interest thereafter at said rate, provided, however, that after the expiration of 12 months following the last contractual installment date, the interest on any balance still unpaid shall not exceed the maximum rate permitted by Louisiana Law.”
The face of the note shows the final payment date as July 30, 1955. This was obviously an error because 20 months after November 29, 1954 would be July 30, 1956, instead of 1955. The Small Loan Act as set forth in LSA-R.S. 6:571 et seq., LSA-R.S. 6:583 provides, in part as follows:
“Every licensee may contract for and receive on any loan of money not exceeding three hundred dollars in *73 terest at a rate not exceeding three and one-half percent a month on that part of the unpaid principal balance of any loan not in excess of one hundred and fifty dollars and two and one-half percent a month on any remainder of any such unpaid principal balance, provided that after the expiration of a period of twelve months following the last contractual installment date the interest on any balance still unpaid shall not exceed eight percent per year. For the purpose of computing interest a month shall be considered any period of thirty consecutive days, and a day shall be considered one-thirtieth of a month.”
 It is the opinion of this Court that the form of the note was entirely in accordance with the provisions of the Small Loan Act and that any excessive interest, such as would void the obligation, is not apparent from the note itself. Defendants claim that the attorney fees stipulated at twenty percent is excessive. We do not agree that such percentage on a small loan could be considered excessive. See Foundation Finance Co. v. Robbins, 179 La. 259, 153 So. 833, wherein 25% attorney’s fees was provided and the Supreme Court held that same was not excessive but was a legitimate provision in a small loan note under the act. See also Unity Plan Finance Company v. Green, 179 La. 1070, 155 So. 900. There is filed in the record a statement showing that the principal balance due as of the time of filing suit was in the amount of $252.19. The defendants do not quarrel with this figure, their only defense being that the interest rate and the attorney fees stipulated are excessive. We believe that the note filed with the petition, and specifically made a part thereof, would control over the wording of the petition itself, and are therefore affirming the decision of the Lower Court.
It might be noted that the Lower Court gave petitioner interest at the rate of 3i%% per month on $150 from November 29, 1954, until February 2, 1956 and interest at 2y-¿% per month on $102.19 from January 5, 1955, until February 2, 1956 and interest on $252.19 at 5%. from February 2, 1956, until paid. It is shown by the record that the defendants paid $18 on January 5, 1955 and of this sum $9.88 was applied to the interest then due on the note and $8.12 on the principal thereby leaving a balance due on the principal of $252.19. In view of the fact that the defendants had paid the interest up to January 5, 1955, which was due on the note, we are of the opinion that the Lower Court should have started the interest from that date instead of from November 29, 1954, as stated. We are likewise of the opinion that the Lower Court should have granted the plaintiff interest at the rate of 8% per annum from July 30, 1957, which date was twelve months following the last contractual installment date. We are of the opinion, however, that under the act and under the note as herein filed that the plaintiff would have been entitled to interest at the rate of 3i/£% per month on $150 from January 5, 1955, until July 30, 1957, and at the rate of 2i^%, per month on $102.19 from January 5, 1955, until July 30, 1957, and then interest at the rate of 8% per annum on the principal of $252.19 or unpaid balance from July 30, 1957, until paid. However plaintiff has not perfected an appeal nor filed an answer herein and for that reason we cannot correct the judgment to enlarge it in its favor, but we are of the opinion that the judgment of the Lower Court should be amended so that the beginning of the interest date will be from January 5, 1955, instead of as stated in the judgment of the Lower Court. Therefore for the above and foregoing reasons we feel that the judgment of the Lower Court should be amended so as to give the petitioner judgment in the full sum of $252.19 together with interest at the rate of 3^4% per month on that part of the unpaid principal balance not in excess of $150 and 2Yz% per month on the remaining $102.19 both from January 5, 1955, until February 2, 1956, provided, however, that after February 2, 1956, the interest on any principal *74 balance still unpaid shall not exceed 5%. per annum.
For the reasons hereinabove assigned the wording of the judgment of the Lower Court is amended and as amended is affirmed. All costs of this appeal to be paid by the defendants.
Judgment amended and as amended affirmed.